1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JONATHAN M. RARIDON,                        Case No.  2:24-cv-2920-JDP (P)

12                 Plaintiff,

13          v.                                     ORDER

14    FRACKEL, *et al.*,

15                 Defendants.

16

17

18          Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Fackrell,

19    Banger, and Harrison—correctional officers at plaintiff's current and former correctional

20    institutions—alleging that defendants violated his due process rights during a disciplinary hearing

21    and when evaluating his inmate grievance.  ECF No. 1.[1]  Plaintiff fails to state cognizable claims

22    against Banger and Harrison but does state a potentially colorable due process claim against

23    Fackrell based on Fackrell's actions during plaintiff's disciplinary hearing.  Plaintiff may, if he

24    chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only

25

26          ―――――――――――
            [1] Plaintiff originally identified Fackrell as Frackel.  ECF No. 1 at 1-2.  Plaintiff has moved

27    this court to correct that spelling error.  ECF No. 8.  I grant plaintiff's request.  An inconsistency
      also exists in the complaint and its attached exhibits as to how to spell Banger's last name.

28    *Compare* ECF No. 1 at 2 *with* ECF No. 1 at 20.  For consistency, "Banger" will be used.

1    on the due process claim against Fackrell.  I will grant plaintiff's application to proceed *in forma*

2    *pauperis*.  ECF No. 2.

3                          **Screening and Pleading Requirements**

4          A federal court must screen the complaint of any claimant seeking permission to proceed

5    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

6    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

7    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

8    relief.  *Id.*

9          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18    n.2 (9th Cir. 2006) (en banc) (citations omitted).

19          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24    of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26                                    **Analysis**

27          Plaintiff alleges that defendants violated his due process rights during a disciplinary

28    hearing and during the inmate grievance procedure.  ECF No. 1 at 8.  First, plaintiff alleges that

1   his due process rights were violated during a disciplinary hearing on charges for battery and

2   seriously injuring a fellow inmate.  *Id.*  He asserts that Banger lied and falsified documents to

3   support those charges.  *Id.*  Plaintiff also alleges that Fackrell violated his due process rights and

4   made biased and racist remarks during the hearing.  *Id.*  He alleges that, following the hearing, he

5   filed a grievance related to the alleged due process violations, but his accusations were not taken

6   seriously.  *Id.* at 8-9.  He asserts that the investigation conducted into his grievance was

7   insufficient because Harrison was involved in the investigation, and Harrison was biased in favor

8   his staff and also falsified documents.  *Id.* at 9.

9           Plaintiff relies on numerous exhibits attached to his complaint to support his allegations,

10  *id.* at 10-28, which show the following:[2]  In January 2024, a correctional officer witnessed an

11  inmate with blood on his face.  *Id.* at 26.  The correctional officer called medics, and Banger

12  requested audio and video footage of the area to investigate the incident.  *Id.*  After viewing the

13  footage, Banger suspected that plaintiff and another inmate assaulted the injured inmate in a

14  nearby stairwell.  *Id.*  Medical staff determined that the injured inmate had a bone fracture

15  consistent with a serious bodily injury.  *Id.*  As a result, plaintiff was charged with battery and

16  serious bodily injury upon a fellow inmate.  *Id.*  Plaintiff received a copy of the charges against

17  him and supplemental evidence on February 6, 2024.  *Id.* at 24.

18          In March 2024, a correctional officer interviewed plaintiff as part of the investigation into

19  the disciplinary charges.  *Id.* at 20.  In the interview, plaintiff complained about the disciplinary

20  hearing process.  *Id.*  Plaintiff also asked Banger specific questions, which Banger answered.  *Id.*

21  Plaintiff additionally provided specific questions that he wanted to ask the injured inmate and the

22  other suspected inmate, but these questions were not asked because "the answer could potentially

23  endanger the witness," or were "irrelevant to the charged offense."  *Id.*

24          Fackrell held plaintiff's disciplinary hearing on April 10, 2024.  *Id.* at 10.  At the hearing,

25  Fackrell found by a preponderance of the evidence that plaintiff committed a battery and caused a

26  fellow inmate serious bodily injury.  *Id.* at 27.  He based these findings on video footage that

27

28      [2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

1  "clearly show[ed]" plaintiff attacking the injured inmate.  *Id.*  As a result of the hearing, plaintiff

2  lost 200 days of credit.  *Id.* at 28.

3       Following the hearing, plaintiff filed a grievance related to the disciplinary hearing.  *Id.* at

4  10-11.  He complained that, during his disciplinary hearing, Fackrell exhibited bias by telling

5  plaintiff that he "will always believe staff over an inmate," and that he was not given an

6  opportunity to address the evidence or put forth proof of his innocence, such as by calling

7  witnesses to testify on his behalf or asking his own questions.  *Id.* at 10-11.  He also asserted that

8  the charges against him—battery and causing serious bodily injury to another inmate—lacked

9  evidentiary support.  *Id.*  Following investigation, the prison determined that plaintiff's

10  allegations were "not sustained."  *Id.* at 13.  Plaintiff appealed the denial of his grievance, which

11  the Office of Appeals rejected for lack of exhausting administrative remedies.  *Id.* at 17.

12       The guarantee of procedural due process under the Fourteenth Amendment only applies

13  when there is a constitutionally protected liberty or property interest at stake.  *Ingraham v.*

14  *Wright*, 430 U.S. 651, 672 (1977).  A protected liberty interest can arise from a state law created

15  expectation or interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  California law has created

16  a liberty interest in retaining earned good-time credits.  *King v. Jauregui*, No. 2:18-cv-09649-

17  DOC-GJS, 2019 WL 6312574, at *4 (C.D. Cal. Oct. 4, 2019) (citing *In re Rothwell*, 78 Cal. Rptr.

18  3d 723, 726 (Cal. Ct. App. 2008) (recognizing that California created a liberty interest in retaining

19  earned good-time credits)).

20       Once a protected liberty interest is recognized, due process requires certain procedural

21  safeguards to be in place in prison disciplinary hearings.  *Wolff v. McDonnell*, 418 U.S. 539, 556

22  (1974).  Prison disciplinary hearings comply with procedural due process when: (1) the inmate

23  receives advance written notice of the alleged violation to allow for time to prepare a defense;

24  (2) the inmate has at least 24 hours to prepare for the hearing; (3) the inmate is allowed to call

25  witnesses and present documentary evidence in his defense, so long as doing so would not be

26  unduly hazardous to institutional safety or goals; (4) if the inmate is illiterate or the issue is

27  complex, the inmate was given assistance during the hearing; and (5) the inmate received a

28  written statement by the factfinders regarding the evidence relied on and reasons for the

1  disciplinary action taken.  *Id.* at 563-70.  Inmates are also entitled to a fair, impartial decision-

2  maker during disciplinary hearings who will be unbiased and not "dishonestly suppress[]

3  evidence of innocence."  *Edwards v. Balisok*, 520 U.S. 641, 647 (1997).

4          Plaintiff fails to allege a cognizable due process claim related to his disciplinary hearing

5  against Banger.  As an initial matter, plaintiff does have a recognized liberty interest in retaining

6  his good-time credits.  *See King*, 2019 WL 6312574, at *4; *In re Rothwell*, 78 Cal. Rptr. 3d at

7  726.  Nevertheless, plaintiff's allegations fail to sufficiently allege that his due process rights

8  were violated during the disciplinary hearing based on any of Banger's alleged actions.

9  Plaintiff's sole allegation against Banger is that that Banger lied and falsified documents related

10  to the disciplinary hearing.  See ECF No. 1 at 10.  But this allegation is conclusory, and plaintiff

11  does not allege facts to support it.  *See generally id.*  As such, plaintiff fails to state a cognizable

12  due process claim against Banger.

13          Plaintiff does sufficiently state a cognizable due process claim against Fackrell.  Plaintiff

14  is entitled to have an unbiased decision-maker at his disciplinary hearing.  *See Edwards*, 520 U.S.

15  at 647.  Plaintiff's allegations, taken as true at this stage, state that Fackrell was already biased

16  toward plaintiff because Fackrell stated he would not believe whatever plaintiff offered as

17  evidence.  *See* ECF No. 1 at 10-11.  As such, plaintiff's due process claim against Fackrell based

18  on his alleged bias at the disciplinary hearing can proceed.

19          However, plaintiff's due process claim against Harrison related to the inmate grievance

20  procedure is not cognizable.  Inmates do not have a constitutional right to an effective grievance

21  or appeal procedure.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855

22  F.2d 639, 640 (9th Cir. 1988).  Accordingly, an inmate cannot make a colorable due process

23  claim by generally alleging that the investigation into their grievance was inadequate.  *See*

24  *Antonetti v. McDaniels*, No. 3:16-cv-00396-MMD-WGC, 2018 WL 11362954, at *7 (D. Nev.

25  May 25, 2018) (finding plaintiff failed to state a cognizable due process claim to the extent

26  plaintiff's claim asserted the inmate grievance system was inadequate); *see also Terrill v.*

27  *Grannis*, No. 1:11-cv-00118-AWI-SKO, 2012 WL 5906648, at *8 (E.D. Cal. Nov. 26, 2012)

28  (dismissing for failure to state a claim plaintiff's due process claims based on dissatisfaction with

1    the inmate grievance procedure).  Plaintiff's claim is based on complaints related to the inmate

2    grievance process and how his grievance was handled, ECF No. 1 at 8-9, which is insufficient to

3    state a colorable due process claim, *see Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640;

4    *Antonetti*, WL 11362954, at *7.

5        As such, plaintiff may either notify the court that he wishes to proceed on his cognizable

6    due process claim against defendant Fackrell, in which case I will direct service, or he may elect

7    to amend his complaint.  If plaintiff amends his complaint, I will delay serving any defendant and

8    will screen his amended complaint in due course.  Plaintiff is reminded that any amended

9    complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907

10   n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended

11   Complaint" and refer to the appropriate case number.

12       Accordingly, it is hereby ORDERED that:

13       1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

14       2.  Within thirty days from the service of this order, plaintiff must indicate his intent to

15   proceed only with his due process claim against defendant Fackrell, or he must file another

16   amended complaint.  If he selects the latter, no defendants will be served until the new complaint

17   is screened.

18       3.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

19
     IT IS SO ORDERED.
20

21
     Dated:    February 28, 2025                    _____
22                                                  JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

6