UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN M. RARIDON, | Case No. 2:24-cv-2920-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| FACKRELL, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, alleges that defendant Fackrell violated his due process rights by making biased and racist remarks during a disciplinary hearing. Pending is defendant's motion to dismiss. ECF No. 25. I will dismiss this case without leave to amend.

**Allegations**

On April 10, 2024, Fackrell presided over a disciplinary hearing in which plaintiff was charged with battering and seriously injuring another inmate. ECF No. 1 at 8, 10. Fackrell found by a preponderance of the evidence that the allegations were true and assessed plaintiff a loss of 200 days of credit. *Id.* at 27-28. Fackrell based his findings on video footage that showed plaintiff attacking the other inmate. *Id.* Following the hearing, plaintiff filed a grievance complaining that Fackrell exhibited bias by telling plaintiff that he "will always believe staff over

1

an inmate," and that he was not given an opportunity to address the evidence or put forth proof of his innocence, such as by calling witnesses to testify on his behalf or asking his own questions. *Id.* at 10-11. He also asserted that the charges against him—battery and causing serious bodily injury to another inmate—lacked evidentiary support. *Id.*

**Request for Judicial Notice**

Defendant asks that the court take judicial notice of plaintiff's abstract of judgment from his criminal case. ECF No. 25-1 at 5. Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Plaintiff does not oppose defendant's request. The court finds that the abstract of judgment is properly subject to judicial notice and will consider it.

**Legal Standard**

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or

(2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**Discussion**

Defendant argues that plaintiff fails to state a Fourteenth Amendment due process claim because plaintiff's indeterminate sentence means that he does not have a liberty interest in the deprivation of credits.[1] ECF No. 25. Plaintiff opposes the motion, arguing that Fackrell violated his due process rights and asks that his conviction be dismissed. ECF No. 29.

The Fourteenth Amendment's due process clause protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The procedural guarantees of the due process clause apply when a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). A liberty interest under the due process clause requires "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or a restraint that exceeds the prisoner's sentence in "an unexpected manner." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

When loss of good-time credits does not affect the overall length of a prisoner's sentence, there is no protected liberty interest. *Witherow v. Farwll*, 383 F. App'x 688 (9th Cir. 2010); *Alexander v. Vittitow*, 2017 WL 7050641, at *3 (6th Cir. Nov. 9, 2017) ("The sanction imposed for Alexander's misconduct charge—thirty days' loss of privileges—did not implicate a protected liberty interest because it did not affect the length of his sentence and did not amount to an atypical and significant hardship."). Plaintiff's abstract of judgment shows that he is serving an indeterminate sentence. ECF No. 25-3 at 6. Therefore, the loss of 200 days credits does not alter the length of his incarceration.

Even though the assessment of lost credits does not implicate the length of plaintiff's incarceration, there remains a possibility that the discipline might impact the earliest date on which plaintiff would become eligible for parole. This, however, does not trigger procedural due

---

[1] The court need not reach defendant's second argument that *Heck* bars plaintiff's claim.

process protections. *See Ernest v. Van Blarcom*, No. C 16-3655 WHA (PR), 2018 WL 9651054, at *3 (N.D. Cal. Aug. 16, 2018) (no liberty interest in credits because the plaintiff who was serving indeterminate life sentence would not necessarily serve shorter sentence if credits were restored); *Gibbs v. Carson*, No. 13-cv-0860-TEH, 2016 WL 641635, at *4 (N.D. Cal. Feb. 18, 2016).

**Conclusion**

Accordingly, it is ORDERED that:

1. Defendant's motion to dismiss, ECF No. 25, is GRANTED and judgment is entered in favor of defendant and against plaintiff.

2. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   December 16, 2025                    _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE